UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHRISTINE A. BERGERSON,

                               *Plaintiff*,

       -against-                                  06-CV-1476

NEW YORK STATE OFFICE OF MENTAL HEALTH,      NAM/GHL
CENTRAL NEW YORK PSYCHIATRIC CENTER,

                               *Defendant*.

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

                                            ANDREW M. CUOMO
                                            Attorney General of the State of New York
                                            Attorney for Defendant

Senta B. Siuda
Assistant Attorney General
Bar Roll No. 104416                                                          Date: June 16, 2008

**Table of Contents**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Summary Judgment Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

POINT I           PLAINTIFF'S HUMAN RIGHTS LAW CLAIMS
                  MUST BE DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.        The Human Rights Law claims are barred by the
                  Eleventh Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        B.        The Human Rights Law claims should be dismissed
                  as pendent claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

POINT II          PLAINTIFF'S TITLE VII CLAIMS ARE BARRED BY THE
                  STATUTE OF LIMITATIONS BEFORE JUNE 21, 2005 . . . . . . . . . . . . . . . . . 6

POINT III         PLAINTIFF DID NOT EXHAUST HER ADMINISTRATIVE
                  REMEDIES WITH RESPECT TO HER RETALIATION
                  CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

POINT IV          PLAINTIFF'S REMAINING TITLE VII CLAIMS FAIL ON
                  THE MERITS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        A.        Racial Affiliation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        B.        Hostile Work Environment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        C.        Retaliation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# Table of Authorities

**Cases**

Alabama v. Pugh, 438 U.S. 781 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Alfano v. Costello, 294 F.3d 365 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Amin v. Quad/Graphics, Inc., 929 F.Supp 73 (N.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . 6, 7

Anderson v. Liberty Lobby, 477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Atlantic Healthcare Benefits Trust v. Googins, 2 F.3d 1 (2d Cir.),
cert. denied, 510 U.S. 1043 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Butts v. City of New York Department of Housing, 990 F.2d 1397 (2d Cir. 1993) . . . . . . . 8, 12

Cassells v. University Hosp. at Stony Brook, 740 F.Supp 143 (E.D.N.Y. 1990) . . . . . . . . . . . . 5

Castellano v. Board of Trustees of the Police Officers' Variable Supplements Fund,
937 F.2d 752 (2d Cir.),
cert. denied, 502 U.S. 941 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Faragher v. City of Boca Raton, 524 U.S. 775 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Federman v. Empire Fire & Marine Insurance Co., 597 F.2d 798 (2d Cir. 1979) . . . . . . . . . . 5

Feingold v. New York, 366 F.3d 138 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Hans v. Louisiana, 134 U.S. 1 (1889) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Holcomb v. Iona College, 521 F.3d 130 (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Jungels v. State University College of New York, 922 F.Supp 779 (W.D.N.Y.),
affirmed, 112 F.3d 504 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Kentucky v. Graham, 473 U.S. 159 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Koerner v. State of New York, 62 N.Y.2d 442, 478 N.Y.S.2d 584 (1984) . . . . . . . . . . . . . . . . 4

Lewis v. Simmons Airlines, Inc., 16 F.Supp.2d 978 (C.D. Ill. 1998) . . . . . . . . . . . . . . . . . . 10, 11

Maloney v. State, 3 N.Y.2d 356, 165 N.Y.S.2d 465 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Minotti v. Lensink, 798 F.2d 607 (2d Cir.),
cert. denied, 482 U.S. 906 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Moche v. City Univ. of New York, 781 F.Supp 160 (E.D.N.Y.),
affirmed, 999 F.2d 538 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

Morell v. Balasbrumanian, 70 N.Y.2d 297, 520 N.Y.S.2d 530 (1987) . . . . . . . . . . . . . . . . . . . . 4

Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75 (1998) . . . . . . . . . . . . . . . . . . 11, 12

Patchen v. NYS Dept. of Social Services, 1994 U.S. Dist. LEXIS 12808 (N.D.N.Y.),
affirmed, 57 F.3d 1064 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Pazamickas v. NYS OMRDD, 963 F.Supp 190 (N.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . 4

Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984) . . . . . . . . . . . . . . . . . 3, 4

Petrosino v. Bell Atlantic, 385 F.3d 210 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Phipps v. NYS Dept. of Labor, 53 F.Supp.2d 551 (N.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . 4

Richardson v. NYS Dept. of Correctional Services, 180 F.3d 426 (2d Cir. 1999) . . . . . . . . . . . 4

Romero v. Caribbean Restaurants, Inc., 14 F.Supp.2d 185 (D. Puerto Rico 1998) . . . . . . . 10, 11

Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Temple of the Lost Sheep, Inc. v. Abrams, 930 F.2d 178 (2d Cir.),
cert. denied, 502 U.S. 866 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Thanning v. Gulotta, 898 F.Supp 134 (E.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Van Zandt v. KLM Royal Dutch Airlines, 80 F.3d 708 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . 6, 7

Wilson v. Fairchild Republic Co., Inc., 143 F.3d 733 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . 8

**Statutes and Rules**

28 U.S.C. § 1367 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. § 1367(c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

New York State Executive Law §§ 290-301 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

New York State Executive Law § 297(9) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

New York State Court of Claims Act § 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Federal Rule of Civil Procedure 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Federal Rule of Civil Procedure 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Preliminary Statement**

Plaintiff filed her complaint in this case, alleging employment discrimination, on December 8, 2006.  See Docket No. 1.  Defendants answered on March 26, 2007.  See Docket No. 7.  Defendant, by this motion, moves for summary judgment on the ground that there is no material issue of fact and that defendant is entitled to summary judgment as a matter of law.

Plaintiff alleges six (6) causes of action: 1. disparate treatment by "racial affiliation" under Title VII; 2. disparate treatment by "racial affiliation" under the New York State Human Rights Law; 3. hostile work environment under Title VII; 4. hostile work environment under the New York State Human Rights Law; 5. retaliation under Title VII; and 6. retaliation under the New York State Human Rights Law.

Plaintiff's New York State Human Rights Law claims are barred by the Eleventh Amendment.  Plaintiff's Title VII claims are barred by the statute of limitations before June 21, 2005.  Plaintiff did not exhaust administrative remedies with respect to her Title VII retaliation claim.  Finally, defendant is entitled to summary judgment on plaintiff's remaining Title VII claims on the merits.  For those reasons, defendant herein moves for summary judgment.

**Statement of Facts**

Plaintiff began working for CNYPC, as a probationary employee, on September 10, 2004.  See Carli Affidavit ¶ 5; defendant's 7.1 Statement ¶ 1.  Plaintiff's probationary period was initially 52 weeks.  See Carli Affidavit ¶ 6; Bergerson Dep. (annexed hereto as Exhibit B, hereinafter "P Dep") 113; defendant's 7.1 Statement ¶ 2.  On September 12, 2005, plaintiff's probationary period was extended an additional six (6) months.  See Carli Affidavit ¶ 24; Exhibit 6 to Carli Affidavit; defendant's 7.1 Statement ¶ 3.

On January 24, 2006, while still on probation, plaintiff was terminated from employment at CNYPC, effective January 31, 2006.  See Carli Affidavit ¶ 29; Exhibit 8 to Carli Affidavit; defendant's 7.1 Statement ¶ 4.

### Summary Judgment Standard

When there is no genuine issue as to any material fact, the moving party in a motion for summary judgment is entitled to judgment as a matter of law.  FED.R.CIV.P. 56(c).  The party moving for summary judgment has the initial burden of submitting affidavits and other evidentiary material to show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986).  Once the moving party has sustained the initial burden, the opposing party may not rest upon the mere allegations or denials of the pleadings, but instead must come forward with specific evidence, by affidavits or as otherwise provided in Rule 56, showing that there is a genuine issue for trial.  Celotex, 477 U.S. at 324.

### ARGUMENT

### POINT I

### PLAINTIFF'S HUMAN RIGHTS LAW CLAIMS MUST BE DISMISSED

**A.     The Human Rights Law claims are barred by the Eleventh Amendment.**

Plaintiff's second, fourth, and sixth causes of action allege violations of the New York State Human Rights Law (HRL) [New York State Executive Law §§ 290-301].  This claim is

2

barred by the Eleventh Amendment.  HRL § 297(9) provides in pertinent part:

>Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate, unless such person had filed a complaint hereunder....

The limited waiver of sovereign immunity contained in this statute does not apply in federal court because of the bar contained in the Eleventh Amendment to the U.S. Constitution. The Eleventh Amendment provides:

>The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Eleventh Amendment defense affects the Court's subject matter jurisdiction over this claim.  See Atlantic Healthcare Benefits Trust v. Googins, 2 F.3d 1, 4 (2d Cir.), cert. denied, 510 U.S. 1043 (1994).  The Eleventh Amendment has been interpreted to bar a suit for any relief against a State or an agency of the State in federal court absent its consent or Congressional abrogation.  Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984); Alabama v. Pugh, 438 U.S. 781, 782 (1978). As the Supreme Court observed in Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996), "[F]or over a century we have reaffirmed that federal jurisdiction over suits against unconsenting States `was not contemplated by the Constitution when establishing the judicial power of the United States.'"  Seminole, 517 U.S. at 54, quoting Hans v. Louisiana, 134 U.S. 1, 15 (1889).

In Pennhurst, the Supreme Court held that a federal court's grant of relief against state officials on the basis of state law "conflicts directly with the principles of federalism that underlie the Eleventh Amendment."  Pennhurst, 465 U.S. at 106.  While Pennhurst dealt with an

3

application for equitable relief based upon violations of state law, the Court made it clear that any relief against the entity arising under state law would be barred. "[A] suit against a State is barred regardless of whether it seeks damages or injunctive relief. See Cory v. White, 457 U.S. 85, 91 ... (1982)." Id. at 102.

Defendant has not consented to be sued in federal court on pendent state law claims,[1] and, therefore, the only issue presented with respect to this Court's jurisdiction over the HRL claim is whether HRL § 297(9) operates to waive the State's immunity to suit in federal court. The general rule is that a state law waiving the State's immunity from suit must expressly provide that the waiver extends to this court or to this kind of suit in federal court. See Minotti v. Lensink, 798 F.2d 607, 609 (2d Cir.), cert. denied, 482 U.S. 906 (1987).

The Second Circuit has held that the Eleventh Amendment bars state law claims against state agencies in federal court employment actions. See Richardson v. NYS Dept. of Correctional Services, 180 F.3d 426, 447-449 (2d Cir. 1999). In addition, many district courts have determined that the state legislature did not intend by the phrase "any court of appropriate jurisdiction," as used in HRL § 297(9), to constitute a waiver of Eleventh Amendment immunity and a consent to federal jurisdiction. See, e.g. Phipps v. NYS Dept. of Labor, 53 F.Supp.2d 551, 558 (N.D.N.Y. 1999); Pazamickas v. NYS OMRDD, 963 F.Supp 190 (N.D.N.Y. 1997); Jungels v. State University College of New York, 922 F.Supp 779, 784 (W.D.N.Y.), affirmed, 112 F.3d 504 (2d Cir. 1997) ("there is no basis for finding such a waiver in the text of the HRL"); Moche

---

[1] New York has consented to be sued for certain claims for damages only in the New York Court of Claims. N.Y. Ct of Claims Act, § 8; Maloney v. State, 3 N.Y.2d 356, 359, 165 N.Y.S.2d 465, 467 (1957); Morell v. Balasbrumanian, 70 N.Y.2d 297, 300, 520 N.Y.S.2d 530, 531 (1987). The New York Court of Appeals has held that HRL § 297(9) constitutes a limited waiver of the State's immunity to suit for monetary damages in the New York State Supreme Court. Koerner v. State of New York, 62 N.Y.2d 442, 450, 478 N.Y.S.2d 584, 587 (1984).

v. City Univ. of New York, 781 F.Supp 160, 165 (E.D.N.Y.), affirmed, 999 F.2d 538 (2d Cir. 1993); Cassells v. University Hosp. at Stony Brook, 740 F.Supp 143, 148 (E.D.N.Y. 1990).

These cases properly applied the Supreme Court's guiding principles concerning waiver of sovereign immunity and should be followed by this Court.  Because New York has not consented to be sued in federal court under the HRL, the Eleventh Amendment to the U.S. Constitution therefore bars plaintiff's claims under this statute.

**B.     The Human Rights Law claims should be dismissed as pendent claims.**

In any event, the HRL law claims discussed supra should be also be dismissed as pendent state law claims, under 28 U.S.C. § 1367(c)(3).  28 U.S.C. § 1367 provides in pertinent part:

> (a) Except as provided in subsections (b) or (c)...in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form a part of the same case or controversy...Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if...
>
> > (3) the district court has dismissed all claims over which it has original jurisdiction.

Dismissal of the state law claims is the recommended procedure in cases where the federal claims are dismissed prior to trial.  Federman v. Empire Fire & Marine Insurance Co., 597 F.2d 798, 809 (2d Cir. 1979).  See also Castellano v. Board of Trustees of the Police Officers' Variable Supplements Fund, 937 F.2d 752, 758 (2d Cir.), cert. denied, 502 U.S. 941 (1991) [28 U.S.C. § 1367(c)(3) codifies existing caselaw and gives district courts discretion to decline to exercise supplemental jurisdiction where "the district court has dismissed all claims

over which it has original jurisdiction"]; Temple of the Lost Sheep, Inc. v. Abrams, 930 F.2d 178, 185 (2d Cir.), cert. denied, 502 U.S. 866 (1991) ["Given the absence of federal claims left to adjudicate, the district court properly dismissed the pendent state-law claims."].

In this case, if the federal claims are dismissed as discussed infra, there is certainly no special reason for this Court to maintain jurisdiction over the state law claims.  Plaintiff's pendent state claims under the HRL should, therefore, be dismissed.

## POINT II

### PLAINTIFF'S TITLE VII CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS BEFORE JUNE 21, 2005

Plaintiff filed her charge of discrimination with the EEOC on April 17, 2006.  See Plaintiff's SDHR Complaint, annexed to defendants' 7.1 statement at Exhibit A.  Since Title VII claims are subject to a 300 day limitations period in New York, any discrimination claims which occurred prior to June 21, 2005 are time-barred and must be dismissed.  See Van Zandt v. KLM Royal Dutch Airlines, 80 F.3d 708, 712-713 (2d Cir. 1996); Amin v. Quad/Graphics, Inc., 929 F.Supp 73, 80 (N.D.N.Y. 1996), citing Patchen v. NYS Dept. of Social Services, 1994 U.S. Dist. LEXIS 12808 (N.D.N.Y.), affirmed, 57 F.3d 1064 (2d Cir. 1995); Thanning v. Gulotta, 898 F.Supp 134, 139-140 (E.D.N.Y. 1995).

Plaintiff began her employment with CNYPC on September 10, 2004.  See defendant's 7.1 Statement ¶ 1.  Plaintiff was terminated on January 24, 2006, effective January 31, 2006.  See id. ¶ 4.  Only allegedly discriminatory conduct by defendant that occurred between June 21, 2005 and January 31, 2006 would be timely.  To the extent that plaintiff may now allege some discriminatory conduct occurred outside of the 300-day period, the only way the untimely allegations are properly before this Court is if the plaintiff can meet the onerous burden of the

6

continuing violations exception to the Title VII limitations period.  See Van Zandt v. KLM Royal Airlines, 80 F.3d at 712-713; Amin v. Quad/Graphics, 929 F.Supp at 80.

> Pursuant to this exception, "if a Title VII plaintiff files an EEOC charge that is timely as to any incident of discrimination, in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone"... However, multiple incidents of discrimination must be the result of a discriminatory policy or mechanism.

Id., citations omitted and emphasis added.  Plaintiff has not alleged, nor pursued during discovery, any discriminatory "policy or mechanism" that fulfills her burden of showing a continuing violation.  Moreover, that exception is not applicable to the case at bar because

> (t)he continuing violation exception applies where there is evidence of an ongoing discriminatory policy or practice, such as the use of discriminatory seniority lists or employment tests.

Van Zandt v. KLM Royal Dutch Airlines, 80 F.3d at 713.  There is no such evidence in this case.  Furthermore, "only compelling circumstances warrant application of this exception to the statute of limitations."  Amin v. Quad/Graphics, 929 F.Supp at 80, citation omitted.

Any allegations related to events occurring prior to June 21, 2005 are thus barred by the Statute of Limitations.  For that reason, any of plaintiff's claims prior to June 21, 2005 should be dismissed.

## POINT III

**PLAINTIFF DID NOT EXHAUST HER ADMINISTRATIVE REMEDIES WITH RESPECT TO HER RETALIATION CLAIM**

Plaintiff's fifth cause of action alleges retaliation in violation of Title VII.  See Complaint, Docket No. 1, ¶¶ 44-46.   This retaliation claim was not included in plaintiff's administrative charge filed with the New York State Division of Human Rights (SDHR), annexed as Exhibit A to defendants' 7.1 Statement, which plaintiff signed on April 14, 2006.

7

There is no mention of retaliation contained in the administrative charge.  Throughout the charge, plaintiff claims defendants allegedly <u>discriminated</u> against her, but she does not claim <u>retaliation</u> for complaining about discrimination.

> As the Second Circuit has explained:
>
>> ...[J]urisdiction exists over Title VII claims only if they have been included in an EEOC charge "or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge." *Alfano, 940 F. Supp. at 467* (internal quotation marks omitted)...
>>
>> Subsequent conduct is reasonably related to conduct in an EEOC charge if: [1] the claim would fall within the reasonably expected scope of an EEOC investigation of the charges of discrimination; [2] it alleges retaliation for filing the EEOC charge; or [3] the plaintiff "alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Butts v. City of N.Y. Dep't of Hous. Preservation and Dev., 990 F.2d 1397, 1402-03 (2d Cir. 1993)*.

<u>Alfano v. Costello</u>, 294 F.3d 365, 381 (2d Cir. 2002).  <u>See also</u> <u>Wilson v. Fairchild Republic Co., Inc.</u>, 143 F.3d 733 (2d Cir. 1998).  Plaintiff's retaliation claim would not fit any of the requirements listed above because her retaliation claim is not based on conduct <u>subsequent to his filing of his administrative charge of discrimination</u>; in this federal suit she is apparently claiming her termination effective January 31, 2006 was retaliatory, and she filed her SDHR complaint after that date, on April 17, 2006.  Clearly, then, plaintiff's retaliation claim could have and should have been included in her administrative charge.  Because it was not, this Court does not have jurisdiction to decide that claim.  Accordingly, since plaintiff has failed to exhaust administrative remedies as to her retaliation claim under Title VII, that claim must be dismissed.  <u>See</u> <u>Butts v. City of New York Department of Housing</u>, 990 F.2d 1397 (2d Cir. 1993).

8

# POINT IV

## PLAINTIFF'S REMAINING TITLE VII CLAIMS FAIL ON THE MERITS

### A.     Racial Affiliation

Plaintiff's first cause of action alleges she was "disparately treated based on racial affiliation." See Complaint, Docket No. 1, ¶ 30. To the extent that "interracial association" has been recognized as a protected class under Title VII, see Holcomb v. Iona College, 521 F.3d 130, 139 (2d Cir. 2008), plaintiff's claim is simply too tenuous to establish a prima facie case of disparate treatment under Title VII.

Plaintiff testified at her deposition that she did not begin dating Keith Richardson, an African-American, until the last month or two of her employment at CNYPC. P Dep. 43. In any event, plaintiff cannot establish disparate treatment based on this interracial association. In order to establish a prima facie case of disparate treatment under Title VII, a plaintiff must show:

> (1) that [s]he belonged to a protected class; (2) that [s]he was qualified for the position he held; (3) that [s]he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent.

Id. at 138, citing Feingold v. New York, 366 F.3d 138, 152 (2d Cir. 2004). In the instant case, as in Holcomb, the first and fourth elements are in question. With respect to the first element, to the extent plaintiff is claiming she is in a protected class because she was dating an African American, this cannot form the basis of her claim that she was subjected to disparate treatment throughout her employment because she admitted at her deposition that they were not dating, except for the last month of two of her employment at CNYPC. P Dep. 43. This is simply too tenuous a connection to satisfy plaintiff's burden of establishing membership in a protected class.

9

In any event, plaintiff cannot demonstrate that the adverse employment action she received, i.e. termination during the probationary period, was connected in any way to her dating Keith Richardson. Plaintiff makes no connection between the termination decision and any "circumstances giving rise to discriminatory intent" to terminate her based upon who she was dating, or upon her race. As demonstrated in the affidavit of Mary Carli, filed herewith, during plaintiff's period of probation, four (4) other individuals in the same job title were terminated from probation: 1. Eric Szatko, terminated September 29, 2005, white male; 2. Sheila Freres, terminated February 1, 2006, white female; 3. Elroy Heselton, terminated February 1, 2006, white male; and 4. Paul Mitura, terminated April 16, 2006, white male. See Carli Affidavit ¶ 31.

Because plaintiff cannot demonstrate the first or fourth required prong of her interracial association claim, defendant is entitled to summary judgment on this claim.

### B.   Hostile Work Environment

Plaintiff's third cause of action alleges she was "harassed and subjected to a sexually hostile work environment," See Complaint, Docket No. 1, ¶ 36.

> To prevail on a claim of sexual harassment based on hostile work environment, a plaintiff must establish two elements: "'(1) that the workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of [his or] her work environment, and (2) that a specific basis exists for imputing the conduct that created the hostile environment to the employer.'" *Mack v. Otis Elevator Co., 326 F.3d at 122* (quoting *Richardson v. N.Y. State Dep't of Corr. Serv., 180 F.3d 426, 436 (2d Cir. 1999)).*

Petrosino v. Bell Atlantic, 385 F.3d 210, 221 (2d Cir. 2004). A plaintiff must establish the conduct complained of was so severe and pervasive as to alter the conditions of her work environment and create an abusive environment. See Lewis v. Simmons Airlines, Inc., 16 F.Supp.2d 978 (C.D. Ill. 1998); Romero v. Caribbean Restaurants, Inc., 14 F.Supp.2d 185 (D. Puerto Rico 1998). Conduct that is not so severe or pervasive to create an environment that a

10

reasonable person would find to be hostile or abusive is beyond Title VII's purview.  Romero, 14 F.Supp.2d at 191-192, citing Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75 (1998).

> In addition, Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at discrimination because of sex.  *Oncale*, 118 S.Ct at 1002.  Simple teasing, offhand comments and isolated incidents, unless extremely serious, will not amount to discriminatory changes in the terms and conditions of employment.  *Faragher*, 118 S.Ct at 2283.  Properly applied, these standards will "filter out complaints attacking 'the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing.'"  *Faragher*, 118 S.Ct at 2283-84, quoting B. Lindemann & D. Kadue, Sexual Harassment in Employment Law 175 (1992).

Lewis, 16 F.Supp.2d at 981-982.  Thus a plaintiff has a significant burden in order to establish a hostile work environment sexual harassment claim.  In the instant case, plaintiff simply cannot meet that burden.

Plaintiff's sexual harassment claims are located only in paragraphs 18 and 19 of the Complaint, as follows:

> 18. At various times, plaintiff was also harassed at the work site, exposed to sexually offensive materials, made the object of offensive comments, and subjected to objectionable behaviors which included but were not limited to: observing sexually oriented posters prominently displayed in the work area; observing inappropriate computer screen savers; being told by male coworkers that females were not wanted in the ward and that they were too nice in dealing with clients; being made the subject of rumors regarding the type of undergarments plaintiff wore; being unjustifiably screamed at in front of clients and coworkers; being ridiculed in a training class by being accused of exchanging sexual favors for money and being asked about performing certain sexual practices; being falsely accused of causing a supervisory employee's divorce.
>
> 19. Additionally, plaintiff was told by clients that they overheard coworkers discussing plaintiff's sexual partner preferences, particularly her choice of dating African American(s).

Complaint, Docket No. 1.

11

Plaintiff admitted at her deposition that she did not see the "posters" in question.  <u>See</u> P Dep. p. 115.  Plaintiff was not specific regarding dates for any alleged comments, both in her complaint and in her deposition.  <u>See, e.g.</u> P Dep. 41-42, 49, 59, 61, 89, 90, 91, 117.  Plaintiff gave an approximate date for the alleged comment regarding undergarments, "November, December of '04" (P Dep. 59-60) – however that date is beyond the statute of limitations as discussed in Point II, <u>supra</u>.  Somewhat more vague was the date plaintiff gave for the alleged screen saver ("– within a month, two months," P Dep. 29); to the extent that reference is to within a month or two of the start of her employment (September 2004), the screen saver allegation is time-barred as well.  Plaintiff admitted at her deposition that she was not claiming a coworker was harassing her by "coming on" to her.  P Dep. 45-46.  The anonymous note plaintiff received is not based in any way on her gender.  <u>See</u> Exhibit 2 to P Dep.  Finally, plaintiff admitted she got along with 90% of the employees at CNYPC.  P Dep. 141.

Based upon all of the above, plaintiff cannot establish that the alleged harassment was severe or pervasive.  Vague allegations are simply insufficient when claiming employment discrimination.  <u>See</u> <u>Butts v. City of New York Dept. of Housing</u>, 990 F.2d 1397, 1403 (2d Cir. 1993).  Accordingly, plaintiff has failed to establish sufficiently severe or pervasive conduct to hold the employer liable for hostile work environment sexual harassment in violation of Title VII, <u>see</u> <u>Burlington Industries, Inc. v. Ellerth</u>, 524 U.S. 742 (1998), and <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775 (1998); <u>Oncale v. Sundowner Offshore Services, Inc.</u>, 523 U.S. 75 (1998), and defendants are thus entitled to summary judgment on this claim.

Because plaintiff has failed to establish severe or pervasive harassment, defendant does not herein address the second prong of a hostile work environment claim – employer liability.

### C. Retaliation

Plaintiff's fifth cause of action alleges she was "disparately treated in retaliation for opposing discriminatory practices." See Complaint, Docket No. 1, ¶ 42. Because plaintiff did not exhaust her administrative remedies with respect to this claim, see Point II, supra, defendant is entitled to summary judgment on this claim on that basis and it is therefore unnecessary to discuss the merits of that claim.

### CONCLUSION

For all the foregoing reasons, defendant is entitled to summary judgment, and plaintiff's complaint must be dismissed.

Dated: Syracuse, New York
       June 16, 2008

                              ANDREW M. CUOMO
                              Attorney General of the State of New York
                              Attorney for defendant

                              By: **s/Senta B. Siuda**
                              Senta B. Siuda
                              Assistant Attorney General
                              Bar Roll No. 104416
                              Telephone: 315-448-4800

TO:    Paul N. Cisternino, Esq. (via electronic filing)
          Law Office of Paul N. Cisternino, P.C.
          701 Westchester Ave., Suite 308W
          White Plains, NY  10604