UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
CHRISTINE A. BERGERSON

                           Plaintiff,

    v.                                        6:06-CV-1476

NEW YORK STATE OFFICE OF MENTAL
HEALTH CENTRAL NEW YORK PSYCHIATRIC
CENTER,

                           Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| BOSMAN LAW OFFICE<br>Attorneys for Plaintiff<br>6599 Martin Street<br>Rome, New York 13440 | A.J. BOSMAN, ESQ. |
| DEEP LAW OFFICE<br>Attorneys for Plaintiff<br>6599 Martin Street<br>Rome, New York 13440 | NORMAN P. DEEP, ESQ. |
| OFFICE OF THE ATTORNEY GENERAL –<br>SYRACUSE OFFICE<br>Attorneys for Defendant<br>615 Erie Boulevard West, Suite 102<br>Syracuse, New York 13204-2455 | SENTA B. SIUDA, ESQ. |

DAVID N. HURD
United States District Judge

## **DECISION & ORDER**

### **I. INTRODUCTION**

      Plaintiff Christine A. Bergerson ("plaintiff") moves for reconsideration of the decision to bar an award of back pay related to her disparate treatment and hostile work environment claims brought against defendant New York State Office of Mental Health, Central New York Psychiatric Center ("defendant"). Plaintiff also moves for an order

awarding attorneys' fees and costs. Defendant opposes both motions. The motions were considered without oral argument.

## II. BACKGROUND

On October 19, 2009, a jury awarded plaintiff, a white female, $580,000 for her claims of disparate treatment on account of her romantic relationship with an African-American co-worker and hostile work environment in violation of Title VII of the Civil Rights Act of 1964. Defendant moved for, *inter alia*, orders to reduce the jury's damages award to $300,000 pursuant to 42 U.S.C. § 1981a(b)(3)(D) and to bar any award of back pay. Defendant's motion to reduce the damages award was granted as plaintiff conceded that the award exceeded the statutory cap for her Title VII claims. Defendant's motion to bar back pay was also granted based upon the determination that plaintiff had already been made whole due to the substantial damages award.

## III. DISCUSSION

### A. Plaintiff's Motion for Reconsideration

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. Delaney v. Selsky, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir.), cert. denied, 464 U.S. 864 (1983)). The issue is therefore whether the prior decision to bar an award of back pay constituted a clear error of law as neither party argues that there has been a change in the controlling law or makes a showing of additional evidence that was not previously available. To the extent that plaintiff moves for reconsideration of any decision to award front pay

and/or reinstatement, that issue was not previously decided as the prior decision only considered whether an award of back pay was justified. (See Order, Dkt. No., 66.) The prior decision was limited to the back pay issue because defendant's post-trial motion did not seek any order with respect to front pay or reinstatement. (See Defs.' Mem. of Law in Supp. of Mot. for J. as a Matter of Law, Dkt. No. 59-3, 11.)

The decision to award back pay is "measured against the purposes which inform Title VII." Albemarle Paper Co. v. Moody, 422 U.S. 405, 417, 95 S. Ct. 2362, 2371 (1975). As the Supreme Court explained, the primary objective of Title VII is prophylactic in nature because the statutory scheme was intended to eliminate past obstacles to workplace equality. Id. (quoting Griggs v. Duke Power Co., 401 U.S. 424, 429-30, 91 S. Ct. 849, 853 (1971)). Unlike injunctive relief, a potential back pay award provides a strong financial incentive for employers to continually evaluate the legality of their employment practices. Albemarle, 422 U.S. at 417-18, 95 S. Ct. at 2371-72 (quoting United States v. N.L. Indus., Inc., 479 F.2d 354, 379 (8th Cir. 1973)). In addition to curbing discriminatory employment conditions, Title VII aims to make a plaintiff whole for injuries that are the result of a violation of the statute. Albemarle, 422 U.S. at 418, 95 S. Ct. at 2372. Although a trial court has discretion whether to award back pay, its reasons must be explained in the event back pay is denied. See Id. at 421-22 n.14, 95 S. Ct. at 2373 n.14; Carrero v. New York City Hous. Auth., 890 F.2d 569, 580 (2d Cir. 1989) (citing Ford Motor Co. v. EEOC, 458 U.S. 219, 226, 102 S. Ct. 3057, 3062 (1982)).

Upon reconsideration of the denial of backpay, plaintiff's substantial damages award satisfies both of the objectives of Title VII. Instead of merely having to comply with an injunctive order prohibiting racial discrimination and hostility in the work environment,

defendant must pay plaintiff $300,000 in compensatory damages as a result of its unlawful employment practices. There is little question that this sizeable award will compel defendant "to self-examine and to self-evaluate their employment practices . . . ." Albemarle, 422 U.S. at 418, 95 S. Ct. at 2372. Additionally, the magnitude of the jury's award ensures that plaintiff will be made whole for her injuries, including any lost wages, pain, suffering, or emotional distress. Although plaintiff correctly argues that the jury did not consider her lost wages, the damages award nonetheless returns plaintiff to the position she would find herself had the violations never occurred. Therefore, plaintiff is not entitled to an award of back pay.

### B. Plaintiff's Motion for Attorneys' Fees and Costs

Plaintiff seeks fees and costs for her two trial attorneys, Ms. A.J. Bosman, Esq. and Mr. Norman P. Deep, Esq., and her former attorney, Mr. Paul N. Cisternino, Esq. For their legal services and reimbursement of their expenses, Ms. Bosman, Mr. Deep, and Mr. Cisternino submit costs of $67,986.10, $24,741.00, and $71,762.60, respectively.

Costs other than attorney's fees "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Pursuant to 42 U.S.C. § 1988, attorney's fees may be awarded to a prevailing party in, *inter alia*, civil rights litigation as part of the costs imposed.

Attorneys' fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours. See Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009). The reasonable hourly rate should be "'what a reasonable, paying client would be willing to pay' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" Id. (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of

Albany, 493 F3d. 110, 112, 118 (2d Cir. 2007), amended on other grounds by 522 F.3d 182 (2d Cir. 2008)).  This Circuit's "forum rule" generally requires use of "the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee."  Simmons, 575 F.3d at 174. (internal quotations omitted); Picinich v. United Parcel Serv., No. 5:01-CV-01868, 2008 WL 1766746, at *2 (N.D.N.Y. Apr. 14, 2008) (McCurn, Sr. J.).  Only "in the unusual case" will a prevailing plaintiff be able to demonstrate that selection of counsel outside the district at a higher rate was "reasonable under the circumstances."  Simmons, 575 F.3d at 175 (internal quotations omitted).

The prevailing hourly rates in this district, which are what a reasonable, paying client would be willing to pay, are "$210 per hour for an experienced attorney, $150 per hour for an attorney with more than four years experience, $120 per hour for an attorney with less than four years experience, and $80 per hour for paralegals."  Picinich, 2008 WL 1766746, at *2.  Additionally, it is customary in this district to allow only one-half the hourly rate for travel time.  Lewis v. City of Albany Police Dep't., 554 F. Supp. 2d 297, 299 (N.D.N.Y. 2008), aff'd, No. 08-2722-CV, 2009 WL 1256657 (2d Cir. May 7, 2009).

Further, an attorney's fee should be limited to those claims in which the plaintiff achieved success.  Hensley v. Eckerhart, 461 U.S. 424, 430, 103 S. Ct. 1933, 1938 (1983). Unsuccessful claims must be eliminated and the attorney's fee claim reduced.  Barfield v. New York City Health & Hosp. Corp., 537 F. 3d 132,152 (2d Cir. 2008).  However, the "assessment of the 'degree of success' achieved in a case is not limited to inquiring whether a plaintiff prevailed on individual claims."  Id. (citing Kassim v. City of Schenectady, 415 F.3d 246, 254 (2d Cir. 2005)).  Rather, the entire circumstances of the case must be considered,

including the quality of relief obtained. Barfield, 537 F.3d at 152 (citing Carrol v. Blinken, 105 F.3d 79, 81 (2d Cir. 1997)).

### a. Plaintiff's Trial Attorneys

Under these standards, plaintiff will be awarded attorneys' fees for her *trial counsel* at $210 per hour instead of the requested $275 per hour. See Alexander v. Cahill, No. 5:07-CV-117, 2009 WL 890608, at *3 (N.D.N.Y. March 30, 2009) (Scullin, Sr. J.); Picinich, 2008 WL 1766746, at *2. Additionally, Ms. Bosman billed five hours for travel and Mr. Deep billed four hours for travel. Because time spent traveling is billed at one-half the hourly rate, see Lewis, 554 F. Supp. 2d at 299, Ms. Bosman's and Mr. Deep's fees must be further reduced by $525 and $420, respectively. Therefore, the total amount of attorneys' fees awarded for work performed and expenses incurred by plaintiff's trial counsel will be $44,141.60 for Ms. Bosman and $18,336.00 for Mr. Deep.

Plaintiff's request for reimbursement of Ms. Bosman's secretarial fees will be denied because "[c]ourts of this Circuit have recognized that clerical and secretarial services are part of overhead and are not generally charged to clients." Kowal v. Andy Const., Inc., No. 05-CV-576, 2008 WL 4426996, at *3 (E.D.N.Y. Sept. 25, 2008) (alteration in original) (quoting Sulkowska v. City of New York, 170 F. Supp. 2d 359, 368-69 (S.D.N.Y. 2001)). Further, plaintiff is entitled to reimbursement of Ms. Bosman's paralegal's fees at $80 per hour instead of the requested $100 per hour. See Picinich, 2008 WL 1766746, at *2. Accordingly, the total amount of fees awarded for work performed by Ms. Bosman's paralegal will be $7,496.00, thereby bringing the total fee award for Ms. Bosman's law office's services to $51,637.60.

### b. **Plaintiff's Former Attorney**

As previously discussed, an attorney's fee is measured by the claims for which plaintiff was successful. However, "[b]oth the quantity and quality of relief obtained" must be evaluated when awarding attorneys' fees. Barfield, 537 F.3d at 152 (internal quotations omitted) (quoting Carroll, 105 F.3d at 81). Here, despite the substantial award, the quality of relief was actually quite poor. Although plaintiff prevailed on her Title VII disparate treatment and hostile work environment claims, the jury's award of $580,000 was reduced to $300,000 because of the statutory cap on damages for claims brought under Title VII. While represented by Mr. Cisternino, plaintiff pled state law claims under New York's Human Rights Law, but these claims were ultimately dismissed after Mr. Cisternino conceded that New York State's sovereign immunity barred plaintiff's state law claims asserted in federal court. (See Pl's. Mem. of Law in Opp'n to Summ. J., Dkt. No. 22-9, 1; Order, Dkt No. 24, 8-9, 13.) The dismissal of plaintiff's state law claims constituted a decision on the merits, thereby preventing plaintiff from re-filing her state law claims in state court. In light of the jury verdict, Mr. Cisternino's decision-making later forced plaintiff to forgo $280,000 in damages because she had no state law claims to support the damages award in excess of the statutory cap for Title VII claims. Alternatively, Mr. Cisternino could have circumvented the statutory cap under Title VII by pleading a cause of action for the violation of plaintiff's Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, but he neglected to do so. Finally, he failed to name any individual defendants in plaintiff's complaint, thereby eliminating the possibility for plaintiff to recover punitive damages.

After considering the totality of the circumstances surrounding Mr. Cisternino's handling of plaintiff's lawsuit, his billing rate of $350 per hour is completely excessive. Additionally, Mr. Cisternino states in his affirmation that he does not "purport to be a trial litigation attorney." (Cisternino Aff., Ex. D to Pl.'s Mot. for Attorneys' Fees, Dkt. No. 69-3, ¶ 10.) To allow him to recover a fee at a higher rate than the trial attorneys who successfully prosecuted plaintiff's claims would be inequitable. Instead, given the degree of competence demonstrated, plaintiff will be awarded attorneys' fees for Mr. Cisternino at $80 per hour.

Before calculating the total amount of fees awarded for Mr. Cisternino's services, his total number of billed hours must be determined. Defendant objects to, *inter alia*, Mr. Cisternino's submission for reimbursement for twelve hours work and $261.80 in mileage as a result of traveling from his offices in Ossining, New York to attend the first day of plaintiff's trial in Utica, New York on October 13, 2009. It is undisputed that Mr. Cisternino was no longer plaintiff's attorney at that time. (See Order, Dkt. No. 27.) Therefore, Mr. Cisternino's costs associated with his travel to Utica will not be considered. Additionally, there are four instances in which Mr. Cisternino's records are unclear as to how many hours he spent traveling to Utica versus the number of hours he spent working as an attorney. For example, in addition to the time he spent preparing, he seeks reimbursement for ten hours for his appearance at the oral argument for defendant's summary judgment motion on August 8, 2008. Despite the considerable amount of time since oral argument was heard, the undersigned is confident that it did not last ten hours. Because the applicant for fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates," Hensley, 461 U.S. at

437, 103 S. Ct. at 1941, Mr. Cisternino's failure to differentiate between the hours spent working and traveling requires that each of the four travel entries submitted within his billing records be reduced to one-half his awarded billing rate.

Mr. Cisternino's fee is therefore based upon the following figures: 142.8 billable hours at $80 per hour, 41 hours traveling at $40 per hour, and $2970.80 in expenses. The total amount awarded to plaintiff on behalf of Mr. Cisternino's fee will be $16,034.80.

## IV. CONCLUSION

An award of back pay is not justified in light of the substantial amount of compensatory damages awarded to plaintiff. The jury's verdict serves both of the objectives of Title VII because it provides defendant with a financial motive to police its own employment practices while at the same time returning plaintiff to no worse a financial position than had she never been subjected to illegal discrimination and a hostile work environment. Additionally, plaintiff's awarded attorneys' fees are reasonable in light of the billing rates employed in this District as well as the quality of the relief obtained.

Accordingly, it is

ORDERED that

1. Plaintiff's motion for reconsideration is GRANTED;

2. Upon reconsideration, plaintiff's motion for an award of back pay is DENIED;

3. Plaintiff is awarded attorneys' fees and costs as follows:

    (a) A.J. Bosman, Esq.              $51,637.60

    (b) Norman P. Deep, Esq.          $18,336.00

    (c) Paul M. Cisternino, Esq.        $16,034.80

    (d) Total                                   $86,008.40

4.  The Clerk of the Court is directed to enter judgment in favor of the plaintiff Christine A. Bergerson and against the defendant New York State Office of Mental Health Central New York Psychiatric Center in the sum of $386,008.40.

IT IS SO ORDERED.

_____
United States District Judge

Dated: February 16, 2010
       Utica, New York